UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Falls, <br><br> Plaintiff, <br><br> - *against* - <br><br> Campbell, et al., <br><br> Defendants. | 17CV35 (LMS) <br><br> **ORDER** |

**THE HONORABLE LISA MARGARET SMITH, U.S.M.J.[1]**

      In a letter dated May 1, 2020, counsel for Defendants notified the Court that Defendant Lt. Penney had passed away on April 11, 2020. Docket # 121. The Court thereafter directed counsel to find out the proper party to be substituted into the case for Lt. Penney. During a telephonic conference held on August 6, 2020, Defendants' counsel advised the Court and Plaintiff that Mrs. Penney is the proper party to be substituted into the case. On August 11, 2020, the Court received a letter from Plaintiff requesting that Mrs. Penney, on behalf of the Estate of Lt. Penney, be substituted into the case as a defendant. Docket # 125.

      Pursuant to Rule 25 of the Federal Rules of Civil Procedure,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or

---

[1] The parties have consented to my exercise of jurisdiction over this matter pursuant to 28 U.S.C. § 636(c), Docket # 120.

> representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  Rule 25 further provides,

> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(3).

In this case, Defendants' counsel has not served a statement noting death in accordance with Rule 25.  See Grant v. Witherspoon, 19-CV-2460 (PGG)(BCM), 2020 WL 71052, at *3 (S.D.N.Y. Jan. 3, 2020)[2] ("In order to trigger the 90-day period, the statement must note the decedent's death, identify the successor(s) or representative(s) who may be substituted in for the decedent, and be served upon any such successor or representative in accordance with Fed. R. Civ. P. 4.").  Thus, the 90-day period for filing the substitution motion has not yet been triggered.  But Plaintiff may still file his substitution motion.  Id. ("However, the filing and service of a valid suggestion of death is not a precondition to the filing of a substitution motion.").

Nonetheless, Plaintiff's letter, which the Court deems a motion to substitute under Rule 25, is procedurally deficient since it has not been served on non-party Mrs. Penney, as the representative of Lt. Penney's Estate, in accordance with Rule 4 of the Federal Rules of Civil Procedure.  See Crichlow v. Fischer, No. 12-cv-7774 (NSR), 2015 WL 678725, at *5 (S.D.N.Y. Feb. 17, 2015) ("Service of a motion to substitute on the government's attorney after the death of a correctional officer is not effective service on

---

[2] Copies of unpublished opinions cited herein are included with the copy of this Order being sent to Plaintiff.

the estate of an officer as a nonparty, in a civil rights action; personal service on the estate representative is required.").  Accordingly, Plaintiff's motion for substitution is **denied without prejudice to renewal or re-filing** following service of the motion on Mrs. Penney and the filing of proof of such service with the Court.

Because Plaintiff is incarcerated and is proceeding in forma pauperis, Defendants' counsel must provide the Court with Mrs. Penney's current address so that the Court may order the U.S. Marshals Service to effect service on Plaintiff's behalf.  In the alternative, if Mrs. Penney agrees to being represented by Defendants' counsel, and Defendants' counsel so informs Plaintiff and the Court, then Defendants' counsel can accept service on behalf of Mrs. Penney, in which case Plaintiff shall serve the motion on Defendants' counsel by mailing her a copy and file proof of such service with the Court.

Dated: August 21, 2020
      White Plains, New York

                                        SO ORDERED,

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of this order is being mailed to the Pro Se Plaintiff by Chambers.