UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Raiquan Falls,

                Plaintiff,                    **ORDER**

    -against-                            17 Civ. 35 (AEK)

Sergeant E. Campbell, et al.,

                Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      In a letter dated May 1, 2020, Defendants' counsel informed Plaintiff and the Court that one of the defendants, Lieutenant Penney, had passed away on April 11, 2020. See ECF No. 121. During a telephonic conference held on August 6, 2020, Defendants' counsel advised the Court and Plaintiff that Mrs. Penney, on behalf of the Estate of Lieutenant Penney, is the proper party to be substituted into the case. On August 11, 2020, the Court received a letter from Plaintiff requesting that Mrs. Penney, on behalf of the Estate of Lieutenant Penney, be substituted for Lieutenant Penney as a defendant in this matter. ECF No. 125.

      As explained by the Court in an order issued on August 21, 2020, ECF No. 126 ("August 21 Order"), Rule 25 of the Federal Rules of Civil Procedure states that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Rule 25 also states that:

> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(3).  The August 21 Order noted that Defendants' counsel had not served a statement noting death in accordance with Rule 25, and therefore the 90-day period for filing the substitution motion had not yet been triggered.  The order further explained that the Court had deemed Plaintiff's August 11, 2020 letter as a motion for substitution (even though the formal Rule 25 notice of death had not been filed), but that the Court denied Plaintiff's motion for substitution because it had not been served on Mrs. Penney, as the representative of Lt. Penney's Estate, as required by Rule 25.  The August 21 Order made clear that the denial of Plaintiff's motion for substitution was without prejudice, and that Plaintiff could renew the motion after serving the motion on Mrs. Penney and filing of proof of such service with the Court.

On August 31, 2020, Defendants' counsel, Kellie Lagitch, filed a letter, stating that her office would be representing Kathleen Penney, Lieutenant Penney's widow, were the motion for substitution to be granted.  Ms. Lagitch also indicated that her office would accept service of the motion for substitution on behalf of Mrs. Penney.  ECF No. 127.  That same day, the Court memo endorsed the August 31 letter, ordering that "Plaintiff shall prepare a motion to substitute Kathleen Penney, as Executor of the Estate of Lt. Penney, in place of Lt. Penney.  Plaintiff shall serve the motion on Ms. Lagitch, then file the motion with the Court along with a certificate of service."  ECF No. 129.

To date, Plaintiff has not renewed his motion for substitution.  Nonetheless, since Defendants' counsel never served a statement noting death in accordance with Rule 25, the 90-day period for filing the substitution motion has still not been triggered, and Plaintiff is therefore not barred from renewing his motion for substitution even at this late date.  Accordingly, the Court orders as follows:  (1) Defendants' counsel must serve and file a statement noting death in accordance with Rule 25, i.e., by serving it on the parties as provided in Rule 5 and on nonparties

as provided in Rule 4, by **March 19, 2021**; and (2) if Plaintiff still wants to proceed with his claims against the Estate of Lieutenant Penney, Plaintiff must, **within 90 days of being served with the statement noting death**, serve on Ms. Lagitch a motion to substitute Kathleen Penney, as Executor of the Estate of Lieutenant Penney, in place of Lieutenant Penney, and then file the motion with the Court along with a certificate of service.  Plaintiff is cautioned that "[i]f the motion is not made within 90 days after service of a statement noting the death, **the action by or against the decedent must be dismissed**."  Fed. R. Civ. P. 25(a)(1) (emphasis added).

Defendants' counsel is directed to serve a copy of this Order upon Plaintiff by email and regular mail and to file proof of service on the docket.

Dated: March 15, 2021
       White Plains, New York

                                        **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge